**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JESSE COX,

       Plaintiff,

vs.                                        No. CIV 20-0561 JB/KRS

CIVIL COURTHOUSE STATE
JUDGES AND STAFF; STATE
OF NEW MEXICO DOC CASE
MANAGERS DOC; PUBLIC
DEFENDERS OFFICE PUBLIC
DEFENDERS & SECRETARYS
and OMS OFFENDER MANAGEMENT
SYSTEM STATE OF NEW MEXICO,

       Defendants.

<u>**MEMORANDUM OPINION AND ORDER**</u>

    **THIS MATTER** comes before the Court on the Plaintiff's (i) Complaint for Violation of Civil Rights, filed September 9, 2020 (Doc. 1)("Complaint"); (ii) Application to Proceed in District Court Without Prepaying Fees or Costs, filed September 9, 2020 (Doc. 2); (iii) Motion for Evidentiary Hearing, September 10, 2020 (Doc. 6); (iv) Motion to Supplement and Re[]vision Record, filed September 22, 2020 (Doc. 9); and (v) and Motion for Status, filed October 23, 2020 (Doc. 10).  The Court concludes that (i) the Compliant does not state a claim upon which relief can be granted, because it is barred by judicial and sovereign immunity and <u>Heck v. Humphry</u>, 512 U.S. 477, 487 (1994); (ii) it will grant Plaintiff Jesse Cox leave to proceed in forma pauperis and will waive an initial partial payment pursuant to 28 U.S.C. §§ 1915(a) and (b), based on Plaintiff's Application to Proceed and his 6-month inmate accounts statement; (iii) the Motion for Evidentiary Hearing is moot; (iv) the Motion to Supplement and Re[]vision Record is moot; and (v) and Motion for Status is moot.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Jesse Cox is a prisoner incarcerated at Central New Mexico Correctional Facility. See Complaint at 2.  Cox has a lengthy criminal history in New Mexico.[1]  This is the fifth civil rights case he has brought in this Court challenging his various criminal prosecutions.  See Cox v. Albuquerque District Attorneys Office, No. CV 19-00689 KWR/KBM; Cox v. Albuquerque Police Department; No. CV 19-00690 RB/KBM; Cox v. Albuquerque Police Department, No. CV 19-00770 WJ/KK; Cox v. Bernalillo County, No. CV 20-00535 JCH/GJF.

In this case, he challenges his state criminal prosecutions, alleging:

> [T]he timeline for around twelve years now on this insane absurd abusive criminal behavior they are presenting to attack my freedom, and slander and persecute my image to the further points of no repair, when I'm a good person.

Complaint at 9.  Cox claims that various law enforcement, judicial, and correctional officers have lied, have improperly incarcerated him based on fake charges, and have failed to release him when the charges in his criminal cases were dismissed.  See Complaint at 4, 5-7, 8-10, 11, 13-14.  In addition to generally challenging his criminal prosecutions over a twelve-year period, Cox specifically identifies two New Mexico criminal cases, No. D-202-CR-2019-03993 and No. D-202-CR-2020-00273.  See Complaint at 5.  In his prayer for relief, Cox requests:

> To give me the restitution I'm owed at 1500$ or 3,000$ a day for the 8 years when I proved very easily with the proof so easily accessible, and release me from custody of D.O.C. ASAP upon notice of a release order to be printed by the court, that I'll get a fair amount of what[']s owed to me added to $100,000,000.

Complaint at 10.

---

[1] Cox' New Mexico District Court criminal cases include State v. Jesse James Delyle Cox, No. D-202-CR-2019-03993, State v. Jesse James Cox, No. D-202-CR-2019-00251, State v. Jesse James Cox, No. D-619-CR-2016-00055, State v. Jesse Cox, No. D-202-CR-2020-00273, State v. Jesse Cox, No. D-307-CR-2001-00158, State v. Jesse Cox, No. D-619-CR-2005-00312, State v. Jesse Cox, No. D-619-CR-2008-00066, State v. Jesse Cox, No D-619-CR-2008-00128.

The Court has reviewed the official record in Cox's state court proceedings through the New Mexico Supreme Court's Secured Online Public Access ("SOPA"). The Court takes judicial notice of the official New Mexico court records in the State of New Mexico, County of Bernalillo, Second Judicial District case numbers D-202-CR-2019-03993 and D-202-CR-2020-00273. See United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)(holding that a court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand); Shoulders v. Dinwiddie, 2006 WL 2792671, at *3 (W.D. Okla. 2006)(Cauthron, J.)(noting that a court may take judicial notice of state court records available on the world wide web including docket sheets in district courts); Stack v. McCotter, 79 F. App'x 383, 391-92 (10th Cir. 2003)(unpublished opinion)(holding that a state district court's docket sheet is an official court record subject to judicial notice under rule 201 of the Federal Rules of Evidence).

In State v. Jesse James Delyle Cox, No. D-202-CR-2019-03993, Cox pled guilty and was convicted on two counts of Attempt to Commit a Felony (Possession of a Controlled Substance. As part of his plea agreement, two additional counts of Possession of Drug Paraphernalia were dismissed by the prosecutor. See State v. Jesse James Delyle Cox, No. D-202-CR-2019-03993. In State v. Jesse Cox, No. D-202-CR-2020-00273, Cox similarly pled guilty to, and was convicted of Possession of a Controlled Substance. In April 2020, a Judgement and Sentence was entered in both cases, sentencing Cox to a term of nine years and six months, with one year and six months suspended for a total term of incarceration of eight years in the New Mexico Department of Corrections. See State v. Jesse James Delyle Cox, No. D-202-CR-2019-03993; State v. Jesse Cox, No. D-202-CR-2020-00273. The convictions and sentences in the two cases have never been overturned or set aside.

## LAW REGARDING RULE 12(b)(6)

Rule 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994). The complaint's sufficiency is a question of law, and, when considering a rule 12(b)(6) motion, a court must accept as true all well-pled factual allegations in the complaint, view those allegations in the light most favorable to the nonmoving party, and draw all reasonable inferences in the plaintiff's favor. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)("[O]nly if a reasonable person could not draw . . . an inference [of plausibility] from the alleged facts would the defendant prevail on a motion to dismiss."); Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pled factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." (citing Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006))).

A complaint need not set forth detailed factual allegations, yet a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. at 555.

To survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if

assumed to be true, state a claim to relief that is plausible on its face.  See Bell Atl. Corp. v.

Twombly, 550 U.S. at 570; Mink v. Knox, 613 F.3d 995, 1000 (10th Cir. 2010).  "A claim has

facial plausibility when the pleaded factual content allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at

678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556).  "Thus, the mere metaphysical possibility

that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient;

the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood

of mustering factual support for these claims."  Ridge at Red Hawk, LLC v. Schneider, 493 F.3d

1174, 1177 (10th Cir. 2007)(emphasis omitted).  The United States Court of Appeals for the Tenth

Circuit has stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a
> complaint: if they are so general that they encompass a wide swath of conduct,
> much of it innocent, then the plaintiffs "have not nudged their claims across the line
> from conceivable to plausible."  The allegations must be enough that, if assumed to
> be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(citations omitted)(quoting Bell Atl.

Corp. v. Twombly, 550 U.S. at 570).  See Gallegos v. Bernalillo Cty. Board of Cty. Comm'rs, 278

F. Supp. 3d 1245, 1259 (D.N.M. 2017)(Browning, J.).

    "When a party presents matters outside of the pleadings for consideration, as a general rule

'the court must either exclude the material or treat the motion as one for summary judgment.'"

Brokers' Choice of Am., Inc. v. NBC Universal, Inc., 861 F.3d 1081, 1103 (10th Cir.

2017)(quoting Alexander v. Oklahoma, 382 F.3d 1206, 1214 (10th Cir. 2004)).  There are three

limited exceptions to this general principle: (i) documents that the complaint incorporates by

reference, see Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. at 322; (ii) "documents

referred to in the complaint if the documents are central to the plaintiff's claim and the parties do

not dispute the documents' authenticity," Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir. 2002); and (iii) "matters of which a court may take judicial notice," Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. at 322.  See Brokers' Choice of Am., Inc. v. NBC Universal, Inc., 861 F.3d at 1103 (holding that the district court did not err by reviewing a seminar recording and a TV episode on a rule 12(b)(6) motion, which were "attached to or referenced in the amended complaint," central to the plaintiff's claim, and "undisputed as to their accuracy and authenticity"). "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record."  Van Woudenberg v. Gibson, 211 F.3d 560, 568 (10th Cir. 2000), abrogated on other grounds by McGregor v. Gibson, 248 F.3d 946, 955 (10th Cir. 2001).

In Gee v. Pacheco, 627 F.3d 1178 (10th Cir. 2010), the defendants "supported their motion with numerous documents, and the district court cited portions of those motions in granting the [motion to dismiss]."  627 F.3d at 1186.  The Tenth Circuit held that "[s]uch reliance was improper" and that, even if "the district court did not err initially in reviewing the materials, the court improperly relied on them to refute Mr. Gee's factual assertions and effectively convert the motion to one for summary judgment."  627 F.3d at 1186-87.  In other cases, the Tenth Circuit has emphasized that, "[b]ecause the district court considered facts outside of the complaint, however, it is clear that the district court dismissed the claim under Rule 56(c) and not Rule 12(b)(6)."  Nard v. City of Okla. City, 153 F. App'x 529, 534 n.4 (10th Cir. 2005)(unpublished).[2]  In Douglas v.

---

[2]Nard v. City of Okla. City is an unpublished opinion, but the Court can rely on an unpublished United States Court of Appeals for the Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated:

In this circuit, unpublished orders are not binding precedent, . . . [a]nd we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value

Norton, 167 F. App'x 698 (10th Cir. 2006)(unpublished), the Tenth Circuit addresses an untimely filed charge with the Equal Employment Opportunity Commission -- whose deadline the Tenth Circuit analogizes to a statute of limitations -- and concludes that, because the requirement is not jurisdictional, the district court should have analyzed the question under rule 12(b)(6), and "because the district court considered evidentiary materials outside of Douglas' complaint, it should have treated Norton's motion as a motion for summary judgment." 167 F. App'x at 704-05.

On the other hand, in a securities class action, the Court has ruled that a defendant's operating certification, to which the plaintiffs refer to in their complaint, and which was central to whether the plaintiffs adequately alleged a loss, falls within an exception to the general rule, so the Court may consider the operating certification when ruling on the defendant's motion to dismiss without converting the motion into one for summary judgment. See Genesee Cty. Emps.' Ret. Sys. v. Thornburg Mortg. Secs. Tr. 2006-3, 825 F. Supp. 2d 1082, 1150-51 (D.N.M. 2011)(Browning, J.). See also Sec. & Exch. Comm'n v. Goldstone, 952 F. Supp. 2d 1060, 1217-18 (D.N.M. 2013)(Browning, J.)(considering, on a motion to dismiss, electronic mail transmissions referenced in the complaint as "documents referred to in the complaint," which are "central to the plaintiff's claim" and whose authenticity the plaintiff did not challenge); Mata v. Anderson, 760 F. Supp. 2d 1068, 1101 (D.N.M. 2009)(Browning, J.)(relying on documents

---

with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Nard v. City of Okla. City, and the other published opinions cited herein, see Douglas v. Norton, 167 F. App'x 698 (10th Cir. 2006), Rhoads v. Miller, 352 F. App'x 289 (10th Cir. 2009), Poche v. Joubran, 389 F. App'x. 768 (10th Cir. 2010), and Wallace v. United States, 372 F. App'x. 826 (10th Cir. 2010), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion.

outside of the complaint because they were "documents that a court can appropriately view as either part of the public record, or as documents upon which the Complaint relies, and the authenticity of which is not in dispute").

## LAW REGARDING 42 U.S.C. § 1983 CLAIMS

Section 1983 of Title 42 of the United States Code provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 creates only the right of action; it does not create any substantive rights; substantive rights must come from the Constitution or from a federal statute. See Nelson v. Geringer, 295 F.3d 1082, 1097 (10th Cir. 2002)("[S]ection 1983 'did not create any substantive rights, but merely enforce[s] existing constitutional and federal statutory rights . . . .'" (second alteration added by Nelson v. Geringer)(quoting Ellis v. Univ. of Kan. Med. Ctr., 163 F.3d 1186, 1197 (10th Cir. 1998))). Section 1983 authorizes an injured person to assert a claim for relief against a person who, acting under color of state law, violated the claimant's federally protected rights. See 42 U.S.C. § 1983. To state a claim upon which relief can be granted under § 1983, a plaintiff must allege: (i) a deprivation of a federal right; and (ii) that the person who deprived the plaintiff of that right acted under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). The Court has noted:

> [A] plaintiff "must establish (1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of any statute, ordinance, regulation, custom[,] or usage, of any State or Territory or the District of Columbia.

Schaefer v. Las Cruces Pub. Sch. Dist., 716 F. Supp. 2d 1052, 1063 (D.N.M. 2010)(Browning, J.)(second alteration in original)(quoting Martinez v. Martinez, No. CIV 09-

0281 JB/KBM, 2010 WL 1608884, at *11 (D.N.M. March 30, 2010)(Browning, J.)).

The Supreme Court has clarified that, in alleging a § 1983 action against a government agent in his or her individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676. Consequently, there is no respondeat superior liability under § 1983. See Ashcroft v. Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to Bivens[3] and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Entities cannot be held liable solely on the basis of the existence of an employer-employee relationship with an alleged tortfeasor. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 689 (1978). Supervisors can be held liable only for their own unconstitutional or illegal policies, and not for their employees' tortious acts. See Barney v. Pulsipher, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

The Tenth Circuit recognizes that non-supervisory defendants may be liable if they knew, or reasonably should have known that their conduct would lead to the deprivation of a plaintiff's constitutional rights by others, and an unforeseeable intervening act has not terminated their liability. See Martinez v. Carson, 697 F.3d 1252, 1255 (10th Cir. 2012); Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 2006). The Tenth Circuit also recognizes that Ashcroft v. Iqbal limits, but

---

[3]In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)("Bivens"), the Supreme Court held that a violation of the Fourth Amendment of the Constitution of the United States "by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct." Bivens, 403 U.S. at 389. Thus, in a Bivens action, a plaintiff may seek damages when a federal officer acting in the color of federal authority violates the plaintiff's constitutional rights. See Bivens, 403 U.S. at 389. See also Ashcroft v. Iqbal, 556 U.S. at 675-76 (stating that Bivens actions are the "federal analog" to § 1983 actions).

did not eliminate, supervisory liability for government officials based on an employee's or subordinate's constitutional violations.  See Garcia v. Casuas, No. CIV 11-0011 JB/RHS, 2011 WL 7444745, at *25-26 (D.N.M. Dec. 8, 2011)(Browning, J.)(citing Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010)).   The language that may have altered the landscape for supervisory liability in Ashcroft v. Iqbal is: "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."   Ashcroft v. Iqbal, 556 U.S. at 676.  The Tenth Circuit in Dodds v. Richardson states:

> Whatever else can be said about *Iqbal*, and certainly much can be said, we conclude the following basis of § 1983 liability survived it and ultimately resolves this case: § 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which "subjects, or causes to be subjected" that plaintiff "to the deprivation of any rights . . . secured by the Constitution . . . ."

614 F.3d at 1199 (quoting 42 U.S.C. § 1983).  The Tenth Circuit has noted, however, that "*Iqbal* may very well have abrogated § 1983 supervisory liability as we previously understood it in this circuit in ways we do not need to address to resolve this case."  Dodds v. Richardson, 614 F.3d at 1200.  It concluded that Ashcroft v. Iqbal does not alter "the Supreme Court's previously enunciated § 1983 causation and personal involvement analysis."  Dodds v. Richardson, 614 F.3d at 1200.  More specifically, the Tenth Circuit recognized that there must be "an 'affirmative' link . . . between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy . . . -- express or otherwise -- showing their authorization or approval of such misconduct.'"  Dodds v. Richardson, 614 F.3d at 1200-01 (quoting Rizzo v. Goode, 423 U.S. 362, 371 (1976)).

The specific example that the Tenth Circuit uses to illustrate this principle is Rizzo v. Goode, where the plaintiff sought to hold a mayor, a police commissioner, and other city officials

liable under § 1983 for constitutional violations that unnamed individual police officers committed.  See Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371).  The Tenth Circuit notes that the Supreme Court in that case found a sufficient link between the police misconduct and the city officials' conduct, because there was a deliberate plan by some of the named defendants to "'crush the nascent labor organizations.'"  Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371).

## ANALYSIS

Cox is proceeding pro se.  See Complaint at 1.  Under 28 U.S.C. § 1915A, the Court must review any civil action in which a prisoner seeks redress against a governmental entity.  See 28 U.S.C. § 1915A. The Court will dismiss an action if (1) the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted or (2) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b).   The Court has the discretion to dismiss a pro se complaint sua sponte for failure to state a claim upon which relief may be granted under either rule 12(b)(6) of the Federal Rules of Civil Procedure or 28 U.S.C. § 1915(e)(2)(B).

In this case, Cox does not name any individual governmental official as a defendant.  See Complaint at 1-4.  Cox's Complaint names only the State Civil Courthouse, the State of New Mexico DOC and Offender Management System, and the Public Defender Offices as defendants. See Complaint at 2, 4.  He makes generalized references to "Judges and staff," "Case Managers DOC," and "Public Defenders and Secretar[ie]s."  Complaint at 2, 4.  However, Cox's Complaint is devoid of any allegations that any named government official, through the official's own individual actions, violated the Constitution, see Complaint at 1-4; the Court, therefore, concludes that the Complaint fails to state a civil rights claim against any government official.  Ashcroft v. Iqbal, 556 U.S. at 676.

Although Cox does not name them as Defendants, he mentions Judges Brack and Franchini in the allegations of the Complaint, stating that they are "two judges I have names of." Complaint at 3. Even if Cox had named Judge Brack or Judge Franchini as a Defendant, however, any claims against them would be barred by the doctrine of judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978). Federal and state law claims against judicial officers acting as judges are barred by absolute judicial immunity. See Stump v. Sparkman, 435 U.S. at 355-56; Christensen v. Ward, 916 F.2d 1462, 1473-76 (10th Cir. 1990). It is well settled that the doctrine of judicial immunity is applicable in actions, such as the case at bar, with 42 U.S.C. § 1983 claims as well as state law claims. See Van Sickle v. Holloway, 791 F.2d 1431, 1434-35 (10th Cir. 1986); Collins on Behalf of Collins v. Tabet, 1991-NMSC-013, ¶¶ 16-17, 111 N.M. 391, 396, 806 P.2d 40, 45. Absolute immunity bars all suits for money damages for acts made in the exercise of judicial discretion. See Guttman v. Khalsa, 446 F.3d 1027, 1033 (10th Cir. 2006).

The United States Supreme Court has recognized absolute immunity for officials whose special functions or constitutional status requires complete protection from suit. See Harlow v. Fitzgerald, 457 U.S. 800, 807 (1982). The purpose of absolute judicial immunity is:

> to benefit the public, 'whose interest is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.' The Supreme Court has recognized that 'the loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus.' Therefore, absolute immunity is necessary so that judges can perform their functions without harassment or intimidation.

Van Sickle v. Holloway, 791 F.2d at 1434-35. To the extent the Complaint could be construed to seek damages against Judges Brack or Franchini for acts that were unquestionably made in the exercise of judicial discretion, any of those claims are barred by absolute judicial immunity. See

Stump v. Sparkman, 435 U.S. at 355-56.[4]

Cox appears to name, as Defendants, the "State of New Mexico DOC," "Civil Courthouse State," the "Public Defenders Office," and the "OMS Offender Management System State of New Mexico. Complaint at 2, 4. The State of New Mexico DOC, the Civil Courthouse State, and the Public Defenders Office are agencies of the State of New Mexico. Similarly, the Offender Management System is a program of the State of New Mexico. As such, the claims against them are claims against the State of New Mexico. See Ashcroft v. Iqbal, 556 U.S. at 676; Bd. of Cty. Comm'rs v. Brown, 520 U.S. at 403; Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. at 689; Barney v. Pulsipher, 143 F.3d at 1307-08. Section "1983 is a remedial vehicle for raising claims based on the violation of constitutional rights." Brown v. Buhman, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). It does not abrogate the State's sovereign immunity, and neither the State, its agencies, or its programs qualify as "persons" under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 67, 71 (1989); Wood v. Milyard, 414 F. App'x 103, 105 (10th Cir. 2011)(unpublished opinion). The State is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against the State under § 1983. Arizonans for Official English v. Arizona, 520 U.S. 43, 69 (1997). Therefore, the claims against the "State of New Mexico DOC," "Civil Courthouse State," the "Public Defenders Office, and the "OMS Offender Management System State of New Mexico" fail to state a claim and will be dismissed. See Will v. Michigan Dep't of State Police, 491 U.S. at 63-64.

Further, to the extent Cox is attempting to assert claims against any individual defense

---

[4]The Court also notes that, based on a review of the official New Mexico court records, neither Judge Brack nor Judge Franchini were ever assigned to preside over any of the criminal cases against Cox. Judge Franchini presided over a civil case in state court and Judge Brack was assigned to one of Cox's civil cases in this Court.

counsel, Public Defenders do not act under color of law for purposes of § 1983.  See Polk County. v. Dodson, 454 U.S. 312, 315, 325 (1981). The U.S. Supreme Court has held that public defenders cannot be sued under § 1983 because they do not act under color of state law. See Polk County. v. Dodson, 454 U.S. at 315.  A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.  See Polk County. v. Dodson, 454 U.S. at 325. The Complaint makes no allegations against any individual Public Defender.  See Complaint at 1-4.  Further, although Public Defender secretaries are not lawyers, their alleged actions are in the capacity of an assistant to the lawyer functioning as counsel to a defendant in a criminal proceeding.  See Complaint at 4.  Defendants "Public Defenders and Secretarys" are not state actors and the Complaint against them fails to state a § 1983 claim for relief.  See Polk County. v. Dodson, 454 U.S. at 325.

Last, all of Cox's claims are barred by the doctrine Heck v. Humphry, 512 U.S. 477, 487 (1994)("Heck").  In Heck, the Supreme Court addressed the question of when a prisoner may bring a § 1983 claim relating to his conviction or sentence.  See Heck, 512 U.S. at 487.  The Court held that when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed.  See Heck, 512 U.S. at 487.  Similarly, although in some circumstances a prospective injunction may be available under § 1983, to the extent a request for declaratory or injunctive relief would necessarily invalidate the prisoner's conviction or sentence, declaratory and injunctive relief are also barred by the Heck doctrine.  See Wilkinson v. Dotson, 544 U.S. 74, 80-81 (2005).  See also Edwards v. Balisok, 520 U.S. 641 (1997).  Here, Cox's Prayer for Relief specifically asks the Court to immediately release him from custody and award him damages for false imprisonment.  See Complaint at 10.  Cox's request for

- 14 -

relief clearly necessitates the invalidation of his sentences.  Because a favorable ruling on Cox's claims would require treating his sentences in case No. D-202-CR-2019-03993 and No. D-202-CR-2020-00273 as invalid, the civil rights claims in the Complaint must be dismissed under the Heck doctrine.  See Beck v. City of Muskogee Police Dept., 195 F.3d 553, 556-57 (10th Cir. 1999).  The claims against all Defendants are barred by Heck and, therefore, fail to state a claim upon which relief can be granted under § 1915(e)(2)(B) and Rule 12(b)(6).  See Heck, 512 U.S. at 487.

Ordinarily, the Court is to consider whether to allow a pro se plaintiff an opportunity to amend the complaint.  See Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990).  Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings.  See Reynoldson v. Shillinger, 907 F.2d at 126. The opportunity to amend should be granted unless amendment would be futile.  See Hall v. Bellmon, 935 F.2d at 1109.  An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) standards.  See Bradley v. Val-Mejias, 379 F.3d 892, 901 (10th Cir. 2004).  Cox's claims are barred by immunity and the Heck doctrine.  See Heck, 512 U.S. at 487.  Further, to the extent he seeks to assert claims based on events occurring more than three years prior to the filing of his Complaint, those claims are likely barred by the statute of limitations.  See Varnell v. Dora Consol. Sch. Dist., 756 F.3d 1208, 1212 (10th Cir. 2014).  Because Cox's claims will still be barred by immunity, see Heck, 512 U.S. at 487, and the statute of limitations, any amendment of Cox's Complaint would be futile and the Court will not grant leave to amend.  See Bradley v. Val-Mejias, 379 F.3d at 901.

**IT IS ORDERED** that: (i) the Plaintiff's Complaint for Violation of Civil Rights, filed September 9, 2020 (Doc. 1), is dismissed with prejudice; (ii) the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed September 9, 2020 (Doc. 2) is granted; (iii) the Plaintiff's Motion for Evidentiary Hearing, September 10, 2020 (Doc. 6), is denied as

moot; (iv) the Plaintiff's Motion to Supplement and Re[]vision Record, filed September 22, 2020

(Doc. 9), is denied as moot; and (v) and the Plaintiff's Motion for Status, filed October 23, 2020

(Doc. 10), is denied as moot; and (vi) the Court will enter a separate Final Judgment disposing of

this case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Jesse Cox
Northwest New Mexico Correctional Center
Grants, New Mexico

     *Plaintiff pro se*